## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VW CREDIT, INC., <br><br>                Plaintiff, <br><br>        v. <br><br> THE CITY OF REVERE, ATLANTIS TOWING, ROBERT SCARPACI, and COLLEEN OGILVIE IN HER OFFICIAL CAPACITY AS REGISTRAR OF MOTOR VEHICLES FOR THE COMMONWEALTH OF MASSACHUSETTS, <br><br>                Defendants. | (Electronically Filed) <br><br> Civil Case No.: <br><br> **COMPLAINT** |

Plaintiff, VW Credit, Inc. ("VW Credit"), as and for its Complaint against Defendants, The City of Revere ("Revere"), Atlantis Towing ("Atlantis"), Robert Scarpaci, and Colleen Ogilvie as Registrar of Motor Vehicles for the Commonwealth of Massachusetts, alleges as follows:

### NATURE OF ACTION

1.    In American Honda Finance Corporation v. The City of Revere, 471 F. Supp.3d 399 (2020) (hereinafter referred to as "*American Honda*"), the Court held that Mass. Gen. Laws Ch. 255, § 39A is unconstitutional on its face and thus cannot be used to eliminate a lienholder's interest in a vehicle without the lienholder having been afforded the Due Process requisites of notice and the opportunity for a hearing.

2.    Despite this clear direction, the unconstitutional use of Mass. Gen. Laws Ch. 255, § 39A continues—municipalities use the statute to turn over vehicles to towing companies who in turn apply to the Massachusetts Registry of Motor Vehicles ("RMV") for a title free from prior existing liens, all without Due Process being afforded to the lienholders. The RMV should not be processing applications for title based upon this unconstitutional practice, and this action is intended

to prompt the RMV to institute procedures to ensure that title applications based upon unconstitutional use of the statute are rejected.

3.      Here, after seizing a vehicle on which VW Credit holds a lien, Revere afforded no due process to VW Credit, and instead summarily disposed of its interests in that vehicle by giving that vehicle to Atlantis as payment for the services that Revere had contracted Atlantis to provide. Atlantis accepted the Vehicle from Revere as compensation, asserted an *ex parte* lien for those services, and then applied to RMV for title in Atlantis' name with VW Credit's lien removed. The RMV issued title to Atlantis free and clear of VW Credit's lien and Atlantis used that title to sell the Vehicle to Robert Scarpaci. At no time was VW Credit afforded notice, a hearing, or just compensation for the taking of VW Credit's property rights in The Vehicle.

4.      Furthermore, Colleen Ogilvie, in her official capacity as Registrar of Motor Vehicles for the Commonwealth of Massachusetts, continues to process titles for the sale of impounded vehicles to Atlantis and/or other buyers of impounded vehicles under Massachusetts General Laws c. 255, § 39A, a statue which has been held unconstitutional because it fails to provide prior-perfected lienholders with their constitutional rights to adequate notice and a fair hearing before their property right is permanently extinguished.

## JURISDICTION AND VENUE

5.      This is a declaratory judgment/civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of VW Credit's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

6.      The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

7.     Venue lies in the Court pursuant to 28 U.S.C. § 1391), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

<b><u>PARTIES</u></b>

8.     Plaintiff VW Credit is a corporation incorporated in the State of Illinois, in the business of taking assignments of retail installment contracts and holding the associated lien interests in vehicles, including being the duly perfected lienholder in The Vehicle, which is the subject of this action, a 2022 Audi A7, VIN #: WAUU2BF25NN010353 ("The Vehicle").

9.     Defendant Revere is a municipality organized and existing under the laws of the State of Massachusetts.

10.     Upon information and belief, Defendant Atlantis is a corporation incorporated in the State of Massachusetts which is engaged in the business of towing and storing motor vehicles.

11.     Robert Scarpaci is an individual residing at 68 North Avenue, Wakefield, MA 01880.

12.     Defendant, Colleen Ogilvie, is the Registrar of Motor Vehicles for the Commonwealth of Massachusetts ("Registrar"). As Registrar, Colleen Ogilvie, is the executive and administrative head of the Massachusetts Registry of Motor Vehicles, which amongst other things is responsible for processing titles of motor vehicles in Massachusetts. Plaintiff brings this action against the Defendant, Colleen Ogilvie, in her official capacity as the Registrar of the Commonwealth of Massachusetts, for prospective injunctive relief.

<b><u>FACTS</u></b>

**VW Credit's interest in the Vehicle**

13.     VW Credit holds a duly perfected security interest in the Vehicle.

14.     Before September 19, 2022, and before any other facts relevant to this action, non-party Gabriel Rojas (the "Customer") entered into a retail installment contract to finance the purchase

of the Vehicle, which contract was assigned to VW Credit.  By virtue of that transaction, VW Credit obtained its perfected security interest in the Vehicle.

15.     Before, on, and after July 21, 2022, VW Credit held and continues to hold a first priority lien interest in the Vehicle, which has been duly recorded on the title to the Vehicle.

16.     On August 11, 2022, the Customer defaulted on the payment obligations under the retail installment contract, thereafter entitling VW Credit to immediate possession of the Vehicle.

17.     By virtue of Revere's seizure of the Vehicle, and by virtue of amounts Atlantis claimed by way of possessory lien on the Vehicle, the Customer was also and further in non-monetary default of the terms of the retail installment contract, thereafter, also further entitling VW Credit to immediate possession of the Vehicle.

**Revere seized the Vehicle, in which VW Credit held a protected interest, and gave it to Atlantis for disposal**

18.     On or about September 19, 2022, Atlantis actively and regularly towed and stored vehicles at the direction of Revere police officers acting in the regular course of their duties as law enforcement officers.

19.     On or about September 19, 2022, Revere took custody of the Vehicle and instructed Atlantis to tow it from the roadway and store it at Revere's direction.

20.     The basis for Revere's seizure of the Vehicle was traffic enforcement.

21.     VW Credit had no involvement with, or knowledge of, the operation of the Vehicle at the time it was seized by Revere Police and/or Atlantis.

22.     VW Credit did not receive prior notice from either Revere or Atlantis that the Vehicle has been seized.

23.     VW Credit did not receive notice promptly after the seizure of the Vehicle by Revere Police and/or Atlantic.

4

24.     Upon later learning that the Vehicle had been seized by Revere and/or Atlantic, VW Credit demanded that the Vehicle be released to it, and Atlantis refused claiming that it had already sold the Vehicle free of VW Credit's lien.

25.     Revere benefited from Atlantis's detention and disposition of the Vehicle, in that Revere obtained Atlantis's impound storage services, as well as Atlantis's towing services to clear the roadway, with no payment (or reduced payment) of money from Revere to Atlantis.

26.     Atlantis only possessed the Vehicle by virtue of its relationship with Revere and acted in concert with Revere to seize, detain and dispose of the Vehicle. Atlantis had no other right to remove the Vehicle from the roadway and hold it against anyone. Atlantis was, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

## Revere's and Atlantis's regular policies, customs and/or practices which were applied to the Vehicle

27.     Revere and Atlantis's conduct in relation to VW Credit and the Vehicle on and after September 19, 2022, comported with both Revere's and Atlantis's regular policies, customs and/or practices for the handling of Vehicles towed and impounded for the same or similar traffic enforcement reasons.

28.     Revere carries out its essential functions through its own police, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

29.     Revere delegates a portion of the performance of its essential functions to Atlantis. Specifically, Revere police utilize Atlantis to tow away, store and dispose of vehicles seized by Revere police acting in the course of their duties as law enforcement officers. In essence, Atlantis is Revere's vehicle impound provider for the area relevant to this action.

30.     Pursuant to this relationship, Revere exercises governmental authority to seize vehicles in concert with Atlantis.

31.     Regardless of the reason for Revere's initial seizure of a given vehicle, Revere does not return those vehicles to a person with a preexisting property interest when the justification for Revere's seizure has passed.  Instead, Revere places seized vehicles in the possession of its tow operators, including Atlantis, for storage and ultimate disposal, permitting the assertion of an ex parte possessory lien to secure payment of charges relating to the towing, storage, and disposal.

32.     Atlantis (and the other tow operators) accept the seized vehicles from Revere—which vehicles Revere does not own—as either partial or total payment for the towing and storage services Atlantis provides to Revere.

33.     Rather than receiving monetary compensation from Revere for the services Revere has contracted Atlantis to provide, Atlantis instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

34.     After assessing an *ex parte* possessory lien on impounded vehicles, Atlantis refuses to return possession of the Vehicles to any other person, even those with pre-existing property rights in the Vehicles, while claiming additional daily storages charges.

35.     To effectuate eventual disposal of an impounded vehicle, the Revere insists persons with preexisting property interests satisfy Atlantis's *ex parte* possessory lien, and further asserts that if this unilateral condition is not satisfied, Revere can take title to the impounded vehicles and eliminate all other persons interest in those vehicles.

36.     Revere benefits from Atlantis's assertion of an *ex parte* lien on, and eventual sale of, seized vehicles. Without Atlantis's conduct, Revere would be forced to pay monetary consideration to Atlantis for the services Atlantis provides Revere instead of compensating Atlantis with possession and authority to assert a lien on the impounded vehicles.

37.     Moreover, upon information and belief, Atlantis pays a portion of the proceeds it obtains from others back to Revere as part of its agreement(s) with Revere.

38.     It is Revere's and Atlantis's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

    A.  The initial seizure of the Vehicle;

    B.  The turnover of possession of the Vehicle to Atlantis;

    C.  The decision by Revere and/or Atlantis to continue to detain the Vehicles after the initial reason for the seizure has passed;

    D.  The decision of Atlantis to assert an *ex parte* possessory lien and the amount of that lien;

    E.  Atlantis acting to acquire ownership by terminating all property interests in the Vehicle;

    F.  The eventual sale of the Vehicle; and

    G.  The application for free and clear title from the RMV.

39.     Even if the initial seizure of the Vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Revere or Atlantis decide to take thereafter, as referenced in ¶ 38 (B-G) *supra*. Rather, Revere and Atlantis are required to obtain a warrant, or new justification for a warrantless seizure once the reasons for the (possibly valid) initial warrantless seizure have dissipated. Alternatively, the subsequent actions rendered the seizure unreasonable in its manner of execution, even if done with an initially valid exception to the warrant requirement.

40.     It is also Revere's and Atlantis's regular policy and custom, in the course of the above-described conduct, to **not** provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

    A.  The initial seizure of the Vehicle;

    B.  The turnover of possession of the Vehicle to Atlantis;

    C.  The decision by Revere and/or Atlantis to continue to detain the Vehicles after the initial reason for the seizure has passed;

D.  The decision of Atlantis to assert an *ex parte* possessory lien and the amount of that lien;

E.  Atlantis acting to acquire ownership by terminating all property interests in the Vehicle; and

F.  The eventual sale of the Vehicle; and

G.  The application for free and clear title from the RMV.

41.     Any notification(s) transmitted by Revere and/or Atlantis relating to the conduct referenced in ¶ 40 (A)-(G) does not satisfy the constitutional due process requirement of notice, because these communications are notifications of Revere's and/or Atlantis's unilateral demands, not notice of an opportunity to be heard (which does not occur).

42.     These actions, all taken in accordance with Revere's and Atlantis's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

43.     Revere and Atlantis knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**The RMV Should Have Rejected Atlantis' Application For Free And Clear Title**

44.     After the decision in *American Honda*, the RMV should have implemented procedures to disallow title applications based upon the unconstitutional practices identified by the Court in that litigation, yet the RMV did not do so.

45.     On July 21, 2023, Atlantis submitted RMV Form TTL112_1119 titled "Affidavit of Sale of Involuntary Towed Vehicle" which purports to justify transfer of title under Mass. Gen. Laws Ch. 255 § 39A.

46.     Atlantis' title application was based upon the unconstitutional practices and application of Mass. Gen. Laws Ch. 255 § 39A that were nullified by the District Court.

47.     The RMV nevertheless issued title to Atlantis free and clear from VW Credit's lien.

48.     As evidenced by the circumstances of this case and others, ongoing harm occurs every time a municipality and its towing/impound vendor (like Revere and Atlantis) seize a vehicle and sell it free from others' interests without due process of law.

**Atlantis Used The Title Issued By RMV To Sell the Vehicle To Robert Scarpaci**

49.     On July 21, 2023, Atlantis used the title issued by the RMV to sell the Vehicle to Robert Scarpaci and Atlantis kept all of such sale proceeds.

50.     VW Credit has demanded that Robert Scarpaci release the Vehicle to VW Credit, given that his title to the Vehicle is void as having been obtained under an unconstitutional statute. Scarpaci has nevertheless refused to return the Vehicle to VW Credit.

**Colleen Ogilvie's Ongoing and Continuous Violation of Federal Law**

51.     In conjunction with the scheme perpetrated by Revere and Atlantis, it has been and continues to be, Colleen Ogilvie's ongoing and continuous policy and custom, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, to process motor vehicle titles to Atlantis and/or other buyers of the vehicles impounded by Atlantis under Massachusetts General Laws c. 255, § 39A, which has been held to be unconstitutional by the *American Honda* Court.

52.     Most importantly, the ongoing and continuous processing of titles under Massachusetts General Laws c. 255, § 39A, by Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, fails to provide adequate notice or any opportunity for a hearing to any party with a property interest in a towed vehicle, such as VW Credit, prior to the sale of the impounded vehicle.

53.     Colleen Ogilvie knew or should have known that the *American Honda* Court held that Massachusetts General Laws c. 255, § 39A is unconstitutional.

54.     These actions, all taken in accordance with Revere's and Atlantis's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

55.     Colleen Ogilvie knew or should have known that her actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

56.     Ongoing harm occurs every time the Registrar of Motor Vehicles for the Commonwealth of Massachusetts processes a title under Massachusetts General Laws c. 255, § 39A, and, therefore, prospective injunctive relief is warranted.

### COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**

57.     VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

58.     VW Credit is the holder of a protected property interest in the Vehicle.

59.     Defendants Revere and Atlantis meaningfully interfered with VW Credit's protected interest in the Vehicle by towing it, detaining it, withholding possession from VW Credit and taking title of it free from VW Credit's lien.

60.     By these actions, Defendants Revere and Atlantis acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

61.     Defendants Revere and Atlantis' seizure of the Vehicle was unaccompanied by a warrant.

62.     Defendants Revere and Atlantis' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in

an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the Vehicle was seized.

63.     Defendants Revere and Atlantis' seizure of the Vehicle was therefore unreasonable in violation of the Fourth Amendment to the United States' Constitution.

64.     Defendants Revere and Atlantis' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants Revere and Atlantis' standard policy and/or custom for the handling and disposal of seized vehicles.

65.     As a direct and proximate result of Revere's and Atlantis's violation of VW Credit's Constitutional right to be free from unreasonable seizures, VW Credit has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

66.     VW Credit is, therefore, entitle to relief under 42 U.S.C § 1983.

**WHEREFORE,** VW Credit prays for judgment against Defendants Revere and Atlantis, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Atlantis only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, and such other and further relief as the Court deems just and proper.

<u>**COUNT II**</u>
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property Without Due Process of Law)**

67.     VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

68.     VW Credit is the holder of a protected property interest in the Vehicle.

69.     Revere and/or Atlantis's actions resulted in the deprivation of VW Credit's protected property interests in the Vehicle.

70.     Neither Revere nor Atlantis had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

71.     Neither Revere nor Atlantis provided VW Credit for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

72.     Because neither Revere nor Atlantis provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other neutral decisionmaker, neither provided VW Credit with constitutionally adequate notice of that non-existent hearing procedure.

73.     The manner in which VW Credit became aware of Revere and Atlantis's seizure of the Vehicle, as well as Atlantis's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

74.     Defendants Revere and Atlantis' deprivation of VW Credit's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fifth and Fourteenth Amendment to the United States Constitution

75.     Defendants Revere and Atlantis' deprivations of VW Credit's rights in the Vehicle were accomplished in accordance with the Revere and Atlantis' standard policy and/or custom for the handling and disposal of seized vehicles.

76.     As a direct and proximate result of Revere's and Atlantis's violation of VW Credit's Constitutional right to be free from deprivations without due process of law, VW Credit has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

77.     VW Credit is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** VW Credit prays for judgment against Defendants Revere and Atlantis, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Atlantis only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**COUNT III**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Taking of Property Without Just Compensation)**
**(as against Revere)**

78.    VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

79.    VW Credit is the holder of a protected property interest in the Vehicle.

80.    Revere compensated Atlantis, in whole or in part, by turning over possession of the Vehicle to Atlantis, who lawfully possessed the Vehicle only by virtue of having obtained it from Revere.

81.    Atlantis accepted the Vehicle as compensation, in whole or in part, for the services it provided to Revere, namely the towing and storage of the Vehicle that Revere had seized.

82.    Revere destroyed VW Credit's priority lien in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to Atlantis and permitting it to assert a possessory lien that both Defendants asserted took priority over VW Credit's lien and prevented VW Credit from exercising its contractual possessory rights in the Vehicle.

83.    Revere thereby took VW Credit's interests in the Vehicle—its right to possession of the Vehicle and its lien priority in the Vehicle—for a public use.

84.    Revere did not compensate VW Credit for the taking of its interests in the Vehicle.

85.    Revere therefore took VW Credit's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

86.     Revere's taking of VW Credit's rights in the Vehicle was accomplished in accordance with Revere's standard policy and/or custom for the handling and disposal of seized vehicles.

87.     As a direct and proximate result of Revere's violation of VW Credit's Constitutional right to be free from takings without just compensation, VW Credit has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

88.     VW Credit is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** VW Credit prays for judgment against Revere for immediate possession of the Vehicle, actual damages, consequential damages, statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

<u>**COUNT IV**</u>
**Prospective Injunctive Relief**
**(as against Colleen Ogilvie, <u>in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, only</u>)**

89.     VW Credit incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

90.     Colleen Ogilvie's actions, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, outlined above are an ongoing and continuous violation of federal law.

91.     Specifically, Colleen Ogilvie continues to process titles for the sale of impounded vehicles buyers under Massachusetts General Laws c. 255, § 39A, a statue which has been held unconstitutional because it fails to provide prior lienholders with their constitutional rights to adequate notice and a fair hearing.

92.     Plaintiff requests an injunction prospectively restraining Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, from the ongoing and continuous processing of titles under Massachusetts General Laws c. 255, § 39A as the same was held to be unconstitutional and in violation of federal Law.

93.     **WHEREFORE**, VW Credit prays for judgment against Defendant Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, for prospective injunctive relief, and such other and further relief as the Court deems just and proper.

<u>**COUNT V**</u>
**Declaratory Relief**
**(as against the Defendants)**

94.     VW Credit realleges and incorporates herein by reference to the allegations set forth in the prior paragraphs herein.

95.     An actual controversy has arisen and now exists between VW Credit and Defendants warranting declaratory relief pursuant to 28 U.S.C. 2201.

96.     VW Credit contends that based upon the holdings of *American Honda*, the RMV should not issue title under an application relying on Mass. Gen. Laws Ch. 255, § 39A where there is no showing that such statute was applied in conjunction with the Due Process requisites of an opportunity for a hearing upon adequate notice thereof.

97.     Defendants assert that their conduct is constitutional.

98.     The parties will not resolve their disagreements over their respective rights in seized vehicles without a judicial declaration.

99.     A judicial declaration will also serve the public interest, insofar as Revere and other municipalities seize hundreds of cars every year under the same or similar circumstances to the Vehicle, which are subject to the same policies and customs that VW Credit contends violate the United States Constitution, including many others in which VW Credit holds liens.

15

WHEREFORE, VW Credit prays for an appropriate judicial declaration of the Parties' respective rights, and such other and further relief as the Court deems just and proper.

### COUNT VI
**Conversion**
**(as Against Atlantis only)**

100.    VW Credit incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

101.    VW Credit has a lien in the Vehicle, and in accordance with its rights under its retail installment contract with the Customer, has become entitled to immediate possession of the Vehicle.

102.    Atlantis has refused, and continues to refuse, to surrender possession of the Vehicle to VW Credit.

103.    By these actions, Atlantis has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with VW Credit's rights to possession of the Vehicle.

104.    VW Credit has suffered, and continues to suffer, damages as a result of Atlantis's actions.

WHEREFORE, VW Credit prays for judgment against Defendant Atlantis for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

### COUNT VII
**Recovery Of A Chattel**
**(as Against Robert Scarpaci only)**

105.    VW Credit incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

106.    VW Credit never released its security interest and lien in the Vehicle which remains enforceable by VW Credit.

107.   VW Credit in entitled to immediate possession of the Vehicle by reason of a default pursuant to the security agreement which underlies VW Credit's lien in the Vehicle.

108.   Any interest claimed by Robert Scarpaci in the Vehicle is without force as to VW Credit's rights under VW Credit's security agreement and immediate possessory right.

109.   VW Credit is entitled to an order directing that Robert Scarpaci turn over the Vehicle to VW Credit forthwith.

**WHEREFORE**, VW Credit prays for judgment against Robert Scarpaci for possession of the Vehicle and the Vehicle be delivered to VW Credit forthwith, and such other and further relief as the Court deems just and proper.


Dated: August 12, 2024

                                    **Kiely & Ferrante, LLC**
                                    Attorneys for Plaintiff

                                    By: _/s/  Kevin J. Kiely, Esq._
                                        Kevin J. Kiely, Esq
                                        85 Eastern Avenue, Suite 306
                                        Gloucester, MA 01930
                                        kevin@oldharborlaw.com
                                        (978) 314-1699